# United States Court of Appeals
# for the Fifth Circuit

No. 25-50925
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 15, 2026

Lyle W. Cayce
Clerk

AARON Q. DEES,

*Plaintiff—Appellant*,

*versus*

STATE OF TEXAS; TEXAS MILITARY DEPARTMENT; TEXAS STATE GUARD; GREG ABBOTT, *Governor of the State of Texas, in his official and individual capacities*; DAN PATRICK, *Lieutenant Governor of the State of Texas, in his official and individual capacities*; KEN PAXTON, *Attorney General, State of Texas, in his official and individual capacities*; DENVER BURRIS, *in his official and individual capacities*; TRISTIAN GARZA, *in his official and individual capacities*; THOMAS SUELZER, *Major General, in his official and individual capacities*; ANTHONY WOODS, *Major General, in his official and individual capacities*; MICHELLE ELLIOTT, *in her official and individual capacities*; ROGER SHERIDAN, *Major General, in his official and individual capacities*; COLONEL MUIRHEAD, *in his official and individual capacities*; LIEUTENANT COLONEL COFFER, *in his official and individual capacities*; HARLAN THOMPSON, *Command Sergeant Major, in his official and individual capacities*; SERGEANT MAJOR MAZAK, *in his official and individual capacities*; JOHNNY GATELY, *Master Sergeant, in his official and individual capacities*; DAMON WILLIAMS, *First Sergeant, in his official and individual capacities*; WILLIAM DOVE, *Captain, in his official and individual capacities*; LIEUTENANT CUELLAR, *in his official and individual capacities*; ANDREY SHULTS, *Sergeant First Class, in his official and individual capacities*; SERGEANT FIRST CLASS CROUSE, *in his official and individual capacities*; SERGEANT FIRST CLASS ROBINSON, *in his official and individual capacities*; CORPORAL PREWETT, *in his official and*

*individual capacities*; CORPORAL BAKER, *in his official and individual capacities*; TERRY WILSON, *in his official and individual capacities*; ANGELA ORR, *in her official and individual capacities*; RONNY JACKSON, *in his official and individual capacities*; DAN CRENSHAW, *U.S. Representative for Texas' Second Congressional District, in his official and individual capacities*; BRIAN BIRDWELL, *Texas State Senator, in his official and individual capacities*; TED CRUZ, *Senator, in his official and individual capacities*; JOHN/JANE DOES 1-50,

*Defendants—Appellees.*

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:25-CV-1241

_____

Before STEWART, GRAVES, and OLDHAM, *Circuit Judges.*

PER CURIAM:[*]

Aaron Dees, pro se, brings multiple claims against multiple Texas state agencies and officeholders. A former member of the Texas State Guard, Dees alleges that he suffered retaliation, including the denial of worker's compensation benefits, after reporting fraud and other misconduct. The district court dismissed his suit and denied leave to amend. Dees appeals.

We review dismissals de novo. *Johnson v. TheHuffingtonPost.com, Inc.*, 21 F.4th 314, 317 (5th Cir. 2021). However, "[w]e review denial of leave to amend for abuse of discretion." *N. Cypress Med. Ctr. Operating Co., Ltd. v. Aetna Life Ins. Co.*, 898 F.3d 461, 477 (5th Cir. 2018). And "Rule 15(a) requires a trial court to freely give leave when justice so requires." *Id.* (citation modified).

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-50925

Dees sued a number of state officials in their official capacity. These claims are plainly barred by sovereign immunity. *Swindle v. Livingston Par. Sch. Bd.*, 655 F.3d 386, 399 (5th Cir. 2011). However, the State of Texas and other state agencies waived immunity by removing the case to federal court. *Camacho v. Tex. Workforce Comm'n*, 445 F.3d 407, 410 (5th Cir. 2006). But regardless of immunity, Dees failed to state a claim for relief.

The complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "We accept all well-pleaded facts as true, drawing all reasonable inferences in the nonmoving party's favor." *Benfield v. Magee*, 945 F.3d 333, 336 (5th Cir. 2019). But a plaintiff may not rest on "legal conclusions, conclusory statements, or naked assertions devoid of further factual enhancement." *Id.* at 336–37 (citation modified).

Here, Dees relies almost exclusively on conclusory allegations with little factual detail. For example, he alleges that various Defendants "knowingly engaged in financial fraud, payroll falsification, and whistleblower retaliation," but provides no facts to support those allegations. Without more, his suit cannot proceed.

Finally, Dees challenges the district court's refusal to grant leave to amend. "A district court does not abuse its discretion in denying leave to amend if amendment would be futile." *Johnson v. Teva Pharms. USA, Inc.*, 758 F.3d 605, 610 (5th Cir. 2014). Here, his proposed Third Amended Complaint would largely suffer from the same defects as his earlier complaints, so the district court did not abuse its discretion.

AFFIRMED.